Lott v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-187-CR

     JOHN LOTT,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 18,298-272
                                                                                                    

O P I N I O N
                                                                                                    

      John Wesley Lott appeals from a probation revocation. Lott was convicted of burglary of a
building in December 1988 for which he was assessed ten-years imprisonment, probated for five
years. On September 30, 1991, the State filed a motion to revoke his probation based on an
indictment charging him with delivery of a controlled substance, cocaine. After a hearing on
March 9, 1992, Lott's probation was revoked and he was sentenced to ten years in prison.
      Lott's sole point of error is that the evidence was insufficient to revoke his probation due to
a break in the chain of custody of the controlled substance. Tom Jagielski, a narcotics officer with
the Brazos County Narcotics Task Force, identified State's Exhibit No. 2 as a package taken from
Warren Jones—the police informer who has bought drugs from Lott. Dennis Ramsey, a
Department of Public Safety chemist, confirmed the presence of cocaine in State's Exhibit No. 2. 
Ramsey testified that he first saw the substance on June 12, 1991, and did not see it again until
March 6, 1992. Warren Jones, the police informer, testified that he purchased nine "rocks" of
cocaine from Lott on the day in question. 
      State's Exhibit No. 2 was admitted into evidence without objection. To preserve a complaint
for appellate review, a party must have presented to the trial court a timely request, objection or
motion, stating the specific grounds for the ruling he desired the court to make if the specific
grounds were not apparent from the context. Tex. R. App. P. 52(a).
      We overrule the point and affirm the judgment.
 
                                                                                 PER CURIUM


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed February 17, 1993
Do not publish



">      Eugene Lehoski ran a stop sign and collided with Lloyd’s state-owned vehicle on October 10,
1994. At the time of the collision, Lloyd was acting in the course and scope of his employment
with the State. Because the State is self-insured, it paid $32,054.62 in medical expenses and
benefits to Lloyd. Id. §§ 401.011(27)(C), 505.011, 505.012 (Vernon 1996). Thus, the State has
a subrogation lien for that amount. See Texas Dep’t of Transp. v. Wilson. 980 S.W.2d 939, 940
(Tex. App.—Fort Worth 1998, pet. denied); Tex. Lab. Code Ann. § 417.001(b) (Vernon 1996).
      Lloyd filed suit against Lehoski on August 19, 1996. The State filed a separate suit on
January 28, 1997 asserting its subrogation claim. Lloyd filed an amended petition in his suit on
June 4, 1997, serving a copy of same on “the attorneys of record for Plaintiff State of Texas.” 
This is the first indication in the record of the State’s involvement in Lloyd’s suit.



      Pursuant to a settlement agreement, Lehoski’s insurance carrier tendered its policy limits
($100,000) in full settlement of Lloyd’s claims, subject to a pending underinsured motorist claim.


 
The carrier paid $21,369.75 (two-thirds of $32,054.62) directly to the State as reimbursement for
the benefits paid on Lloyd’s behalf. Id. § 417.002(a). The carrier paid the remainder
($10,684.87) into the registry of the court pending apportionment of attorney’s fees under section
417.003.
      Lloyd and the State filed competing motions for apportionment


 of the funds deposited with
the court. Lloyd’s counsel argued that he was entitled to the statutory maximum fee of one-third
of the State’s subrogation lien, because he personally negotiated the settlement and the State’s
participation in the suit was limited to attendance at one deposition and the filing of a separate suit
against Lehoski. Id. § 417.003(a)(1).
      The State countered that article IV, section 22 of the Texas Constitution does not permit a
private attorney to collect his fees out of the State’s subrogation lien. See Tex. Const. art. IV,
§ 22. Accordingly, the State requested the court to award the State “100% of its full lien.”
      The court agreed with Lloyd and awarded his attorney the fees requested.
APPLICABLE LAW
Standard of Review
      We presume a statute enacted by the Legislature is constitutional. Nootsie, Ltd. v. Williamson
County Appraisal Dist., 925 S.W.2d 659, 662 (Tex. 1996). If a statute is reasonably susceptible
to different constructions, one of which renders the statute constitutionally valid and one invalid,
then we must adopt the construction which upholds the validity of the enactment. See id.; Maud
v. Terrell, 109 Tex. 97, 100, 200 S.W. 375, 376 (1918) (orig. proceeding). The party seeking
to invalidate a statute as unconstitutional bears the burden of demonstrating the statute fails to
satisfy constitutional requirements. Enron Corp. v. Spring Indep. Sch. Dist., 922 S.W.2d 931,
934 (Tex. 1996).
Article IV, Section 22
      Article IV, section 22 of the Texas Constitution provides in pertinent part that the Attorney
General “shall represent the State in all suits and pleas in the Supreme Court of the State in which
the State may be a party” and shall “perform such other duties as may be required by law.” Tex.
Const. art. IV, § 22. The Legislature has prescribed that the Attorney General “shall prosecute
and defend all actions in which the state is interested before the supreme court and courts of
appeals.” Tex. Gov’t Code Ann. § 402.021 (Vernon 1998).
      Legislation which authorizes private counsel to appear on behalf of the State does not violate
article IV, section 22 unless it “unequivocally supplant[s] the . . . Attorney-General in [his]
authority to prosecute the suits of the State.” El Paso Elec. Co. v. Texas Dep’t of Ins., 937
S.W.2d 432, 439 (Tex. 1996) (quoting Maud, 109 Tex. at 101, 200 S.W. at 377). Stated another
way, a legislative act violates article IV, section 22 when it, “by plain and unambiguous language,
deprives . . . the Attorney General of [his] authority to represent the state in the suits prosecuted
under such act.” Camp v. Gulf Prod. Co., 122 Tex. 383, 395, 61 S.W.2d 773, 777 (1933).
Workers’ Compensation Act
      A cause of action for an employee’s injuries belongs to the employee. Franks v. Sematech,
Inc., 936 S.W.2d 959, 960 (Tex. 1997) (per curiam). If the employee seeks worker’s
compensation benefits, the insurance carrier is subrogated to the rights of the injured employee
against a third party responsible for the injuries. Tex. Labor Code Ann. § 417.001(b); Franks,
936 S.W.2d at 960. The carrier’s subrogation claim is derivative of the employee’s claim. 
Franks, 936 S.W.2d at 960.
      Because the State is self-insured, it is considered its own “insurance carrier” for purposes of
the Workers’ Compensation Act. Tex. Lab. Code Ann. § 401.011(27)(C). Section 417.002(a)
requires an employee who obtains a recovery in a third-party action to reimburse his employer’s
insurance carrier out of his net recovery for benefits paid on his behalf. Id. § 417.002(a). If the
employee’s attorney did not actively represent the carrier’s interest in the third-party action and
if the parties do not otherwise reach an agreement, “the court shall award to the attorney payable
out of the insurance carrier’s recovery:
(1) a reasonable fee for recovery of the insurance carrier’s interest that may not exceed
one-third of the insurance carrier’s recovery; and
 
(2) a proportionate share of expenses.”

Id. § 417.003(a). If the carrier is actively represented by its own counsel, “the court shall award
and apportion between the claimant’s and the insurance carrier’s attorneys a fee payable out of the
insurance carrier’s subrogation recovery.” Id. § 417.003(c).
      Our research has disclosed two other cases in which the State has raised an identical
constitutional challenge to section 417.003. See University of Tex. Health Science Ctr. v. Mata
& Bordini, Inc., No. 04-98-547-CV, slip op. at 7, 1999 WL 254166, at *4 (Tex. App.—San
Antonio Apr. 30, 1999, no pet. h.); Wilson, 980 S.W.2d at 941.
      The Fort Worth court in Wilson declined to address the constitutionality of the statute because
the State did not establish “that the trial court’s order was premised on [private counsel’s] active
representation of [the State’s] interest.” Wilson, 980 S.W.2d at 942. Because no findings of fact
or conclusions of law were filed in that case, the court implied from the record that the Attorney
General actively participated in the case and the trial court awarded attorney’s fees under section
417.003(c). Id.
      In Mata & Bordini, the San Antonio court rejected the State’s argument because section
417.003 addresses only attorney compensation and does not “usurp the Attorney General’s right
to control the representation of the State’s interest in the third-party action in the first instance.” 
Mata & Bordini, slip op. at 8, 1999 WL 254166, at *5. Thus, the court concluded “the State has
failed to demonstrate how section 417.003, as applied to the State, violates the doctrine of
separation of powers.” Id.
ANALYSIS
      Lloyd’s case is different than Wilson’s. In Wilson, the trial court awarded attorney’s fees to
the Attorney General and the claimant’s attorney. Wilson, 980 S.W.2d at 940. Thus, the court
of appeals had a record from which it could imply that the trial court had apportioned attorney’s
fees between the respective attorneys. See Tex. Lab. Code Ann. § 417.003(c). In Lloyd’s case
however, the trial court awarded the Attorney General no attorney’s fees. Moreover, Lloyd’s
motion for apportionment of funds was premised on the fact that his counsel “has borne the burden
and cost of proving liability and damages by himself in this matter, and the benefits that accrued
to the State of Texas resulted solely from the efforts of [Lloyd’s counsel].” The trial court decreed
that Lloyd’s motion be “in all things GRANTED” and awarded attorney’s fees as requested by
Lloyd.
      Based on this record, we conclude that the trial court awarded attorney’s fees to Lloyd’s
counsel on the basis of section 417.003(a). Thus, we will address the constitutionality of the
statute. Cf. Wilson, 980 S.W.2d at 942.
      The State argues that section 417.003 is unconstitutional as it applies in this case because it
“permits” counsel for a workers’ compensation claimant “to act as counsel for the State and
recover the [State’s] workers’ compensation lien.” It appears the State is challenging the wrong
statute. See Mata & Bordini, slip op. at 8, 1999 WL 254166, at *5. Section 417.003 addresses
apportionment of attorney’s fees. See id.; Tex. Lab. Code Ann. § 417.003. Section 417.003
allows a claimant merely to recover his attorney’s fees from the State’s subrogation lien; it does
not authorize a claimant to institute an action to recover the State’s lien. See Mata & Bordini, slip
op. at 8, 1999 WL 254166, at *5.
      Applying a liberal construction to the State’s brief, the State seems to be challenging the
constitutionality of section 417.001 of the Workers’ Compensation Act, which authorizes a
claimant to sue the third-party responsible for his damages. See Boswell v. Farm & Home Sav.
Ass’n, 894 S.W.2d 761, 765-66 (Tex. App.—Fort Worth 1994, writ denied); Tex. R. App. P.
38.9. The net effect of section 417.001 on a case involving a State employee is to allow the
employee to recover the State’s subrogation lien. We conclude however that this provision does
not violate article IV, section 22 because it does not “unequivocally supplant the . . . 
Attorney-General in [his] authority to prosecute the suits of the State.” El Paso Elec. Co., 937
S.W.2d at 439; Maud, 109 Tex. at 101, 200 S.W. at 377.
      Although subsection (a) of section 417.001 permits private counsel for a State employee to
recover the amount secured by the State’s subrogation lien by filing suit in the employee’s name,
it does not preclude the Attorney General from pursuing this claim. Rather, subsection (b) of this
same statute permits the State to pursue the subrogation lien in its own stead. Subsection (b)
provides that an insurance carrier “may” enforce its subrogation lien in the employee’s name. 
Tex. Lab. Code Ann. § 417.001(b). Although not stated in the Act, the State (as an insurance
carrier) may also enforce its lien “in its own name.” Franks, 936 S.W.2d at 960; see, e.g.,
Wilson, 980 S.W.2d at 940 (intervention by Attorney General in state employee’s suit); State v.
Azios, 966 S.W.2d 869, 869 (Tex. App.—Beaumont 1998, no pet.) (subrogation action filed by
Attorney General).
CONCLUSION
      Under the Workers’ Compensation Act, the State may pursue a subrogation claim “in its own
name or the employee’s name.” Franks, 936 S.W.2d at 960. Thus, the Act does not
“unequivocally supplant the . . . Attorney-General in [his] authority to prosecute the suits of the
State.” El Paso Elec. Co., 937 S.W.2d at 439; Maud, 109 Tex. at 101, 200 S.W. at 377; accord
Camp, 122 Tex. at 395, 61 S.W.2d at 777. Accordingly, the Workers’ Compensation Act does
not violate article IV, section 22 of the Texas Constitution.
      We overrule the State’s sole issue and affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
            Justice Cummings (not participating)
            and Justice Vance
Affirmed
Opinion delivered and filed June 9, 1999
Publish